## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHAKETTA JACKSON,

                PLAINTIFF,

   v.

ALLIED UNIVERSAL SERVICES,

            DEFENDANT.

Civil Action No.: _____

JURY TRIAL DEMANDED

### COMPLAINT AND JURY DEMAND

Plaintiff Shaketta Jackson, by and through her undersigned attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

### PRELIMINARY STATEMENT

1.    This is an action for an award of damages, punitive damages, and other relief on behalf of Plaintiff Shaketta Jackson (hereinafter "Ms. Jackson" or "Plaintiff"), a former employee of Allied Universal Services (hereinafter, "Allied" or the "Company"). Ms. Jackson has been harmed by Allied's harassment and discrimination on the basis of her race and color, and by Allied's unlawful retaliation for Ms. Jackson's complaints of discrimination and harassment, culminating in her wrongful termination on September 18, 2019.

2.    This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA").

## JURISDICTIONAL STATEMENT

3.    This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4.    The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5.    This Court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6.    All conditions precedent to the institution of this suit have been fulfilled. On March 9, 2020, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On January 29, 2021, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice. With regard to Plaintiff's claims pursuant to the Pennsylvania Human Relations Act, it has been more than one year since Plaintiff dual-filed her Charge of Discrimination as a Complaint with the PHRC.

## VENUE

7.    This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

8.    This action properly lies in the Eastern District of Pennsylvania because Plaintiff was employed by Defendant in this district and the claims and significant activities associated with the claims took place in this judicial district.

## PARTIES

9.    Plaintiff Shaketta Jackson is an adult dark-skinned African American female who currently resides in Philadelphia, Pennsylvania and the United States of America.

10.   Defendant Allied Universal Services is a national security service company with a location at 161 Washington Street, Suite 600, Conshohocken, Pennsylvania 19428, where Plaintiff was employed.

11.   At all relevant times, Defendant is and has been an employer employing more than 500 employees.

12.   Defendant does significant business within the Commonwealth of Pennsylvania.

13.   At all relevant times, employees of Defendant acted as agents and servants for Defendant.

14.   At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of employment under the direct control of Defendant.

15.   At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

16.   At all times relevant hereto, Defendant is and has been an "employer" and/or "person" within the meaning of the laws at issue in this matter, and is accordingly subject to the provisions of said laws.

17.   At all relevant times hereto, Plaintiff Shaketta Jackson was an "employee" of Defendant within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

18.   This Honorable Court has jurisdiction over Defendant.

## **FACTS**

19.    Ms. Jackson was hired by Defendant at its Conshohocken, Pennsylvania location on or about January 2, 2018.

20.    Shortly after being hired, Ms. Jackson applied for and was granted a position on the SSO Team in the Employee Transaction Department.

21.    During her employment with Allied, Ms. Jackson was committed to serving Allied in her role and performed her duties in an excellent and conscientious manner.

22.    Despite her loyalty and consistent performance, Ms. Jackson was treated differently than her peers, subjected to discrimination and harassment on the basis of her race and color, and was wrongfully terminated due to such discrimination and harassment and in retaliation for complaining about and reporting discrimination and harassment.

23.    During her employment with Allied, Ms. Jackson experienced pervasive harassment and discrimination based on her race and the color of her skin, including staring, whispering, volatile and/or threatening behavior and an otherwise hostile environment.

24.    Ms. Jackson was treated unfavorably and harassed on the basis of her race and color by, among others, her co-worker, Shelly Holmes, Employee Transaction Specialist/Lead, and Lisa Scaven, Supervisor.

25.    Ms. Holmes trained and supervised Ms. Jackson during her employment.

26.    Despite Ms. Jackson's best efforts, Ms. Holmes consistently belittled, taunted and ostracized Ms. Jackson.

27.    While training Ms. Jackson, Ms. Holmes belittled Ms. Jackson by yelling at her, "you don't know what you are doing."

4

28.  Ms. Holmes also taunted Ms. Jackson with rude and inappropriate behavior, such as invading Ms. Jackson's personal space and smelling Ms. Jackson's underarms.

29.  Ms. Holmes also either created or allowed a vulgar nickname to be given to Ms. Jackson.

30.  Ms. Holmes also repeatedly and openly whispered about Ms. Jackson to various coworkers, and used vulgar language to indicate that she did not care that Ms. Jackson was aware that she was talking about her.

31.  Later, even after Ms. Jackson had been at Allied for several months, Ms. Holmes questioned Ms. Jackson so vigorously regarding her work that Ms. Jackson informed Ms. Holmes that she felt she was being harassed.

32.  In addition to the above, in a blatant and egregious display of discriminatory behavior, Ms. Holmes asked Ms. Jackson if she was "going to rob" her.

33.  There was no legitimate basis for such question whatsoever and indicated Ms. Holmes' racist view that African American individuals are predisposed to commit violent crimes like robbery.

34.  Ms. Jackson was also treated unfavorably and harassed on the basis of her race and color by team leader and Supervisor Lisa Scaven.

35.  On at least one occasion, Ms. Scaven acted aggressively and in a threatening manner towards Ms. Jackson, by banging on Ms. Jackson's door, standing directly over Ms. Jackson, pointing her finger at Ms. Jackson, and stating that they "were watching" her.

36.  On another occasion, Ms. Scaven said to Ms. Jackson: "Oh my God, you came back? We didn't scare you off?"

37.  Ms. Jackson was additionally treated unfavorably and harassed on the basis of her race and color by Tom Hallet, Chief Financial Officer.

5

38.     On multiple occasions, Mr. Hallet openly stared at Ms. Jackson long enough to cause her concern, which on at least one occasion caused interruption to Ms. Jackson's work and, another time, caused Ms. Jackson to leave work early because Mr. Hallett's behavior made her so uncomfortable.

39.     On or about September 14, 2019, Ms. Jackson reported the above-referenced discrimination and harassment to Allied.

40.     Immediately after complaining about discrimination and harassment, Ms. Jackson was abruptly terminated.

41.     Specifically, on September 18, 2019, only four days after complaining about the discrimination and harassment, Ms. Jackson was terminated.

42.     The timing and circumstances surrounding Ms. Jackson's termination are highly suspicious and call into question the true motivation for Allied's decision to terminate her.

43.     Due to Ms. Jackson's unjustified termination, her treatment during her employment with Allied, and the circumstances surrounding her termination, which occurred virtually immediately after Ms. Jackson complained of the discrimination and harassment, Ms. Jackson was subjected to discrimination and harassment on the basis of her race and color, and was retaliated against for her complaints of discrimination and harassment.

44.     Defendant and its agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Ms. Jackson severe emotional distress.

45.     Ms. Jackson was discriminated against and harassed on the basis of her race and color, and discriminated and retaliated against because of her reports of harassment and discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended by

the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq., the Civil Rights Act of 1866, as

amended, 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act, 43 P.S. § 951,

et seq.

46.    Ms. Jackson has suffered, and continues to suffer, mental anguish and severe emotional

distress as a proximate result of the actions and inactions of Defendant.

47.    Ms. Jackson has suffered financial losses including, among other things, lost wages, and

an obligation for attorneys' fees and costs of bringing suit as a proximate result of the

actions and inactions of Defendant.

**COUNT I**
**Race and Color Discrimination, Harassment and Retaliation**
**Title VII of 1964, 42 U.S.C. § 2000(e), et seq.**

48.    Plaintiff Shaketta Jackson repeats and incorporates by reference the allegations of all

preceding paragraphs as if fully set forth at length herein.

49.    Based on the foregoing, Defendant engaged in unlawful employment practices in

violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act

of 1991, 42 U.S.C. § 2000(e) et seq.

50.    The unlawful practices for which Defendant is liable to Plaintiff include, but are not

limited to, discriminating against and harassing Ms. Jackson because of her race and

color, retaliating against Ms. Jackson for her complaints about the harassment and

discrimination, and terminating Ms. Jackson as a result of such discrimination and

retaliation.

51.    Defendant's violations were intentional and willful.

52.    Defendant's violations warrant the imposition of punitive damages.

53. As a direct result of the unlawful employment practices engaged in by Defendant, Plaintiff Shaketta Jackson has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT II
### The Civil Rights Act of 1866, 42 U.S.C. § 1981

54. Plaintiff Shaketta Jackson repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

55. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

56. In discriminating against and harassing Ms. Jackson on the basis of her race and color, by retaliating against her for her complaints of discrimination and harassment, and in terminating Ms. Jackson, Defendant violated the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

57. Said violations were intentional and willful.

58. Said violations warrant the imposition of punitive damages.

59. As a direct result of the unlawful employment practices engaged in by Defendant, Plaintiff Shaketta Jackson has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT III
### Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

60. Plaintiff Shaketta Jackson repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

61.   Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

62.   In discriminating against Ms. Jackson on the basis of her race and color, in retaliating against Ms. Jackson for her complaints of discrimination and harassment, and in terminating Ms. Jackson, Defendant violated the Pennsylvania Human Relations Act.

63.   As the direct and proximate result of Defendant's violation of the Pennsylvania Human Relations Act, Plaintiff Shaketta Jackson has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## PRAYER FOR RELIEF

64.   Plaintiff Shaketta Jackson repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Shaketta Jackson respectfully requests that this Court enter judgment in her favor and against Defendant, and Order:

a.   Appropriate equitable relief;

b.   Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination, harassment and retaliation;

c.   Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost due to Defendant's unlawful conduct;

d.   Defendant to pay Plaintiff punitive damages;

e.   Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

f.   Defendant to pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's attorneys' fees;

g.   Plaintiff be granted any and all other remedies available; and

h.   Such other and further relief as is deemed just and proper.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury as to all issues so triable.

*/s/ Christopher A. Macey, Jr.*
Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
One Penn Center
1617 JFK Blvd. – Suite 1254
Philadelphia, PA  19103

*Attorneys for Plaintiff Shaketta Jackson*

Dated:  April 28, 2021